McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:  (202) 307-6648

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,             )<br>                                                            )<br>                    Plaintiff,              )<br>                                                            )<br>          v.                                          )<br>                                                            )<br>GLEN D. BELL, JEANETTE BELL,    )<br>GLEN AND JEANETTE BELL AS     )<br>TRUSTEES OF THE GLEN D. BELL  )<br>FAMILY TRUST, GLEN D. BELL AND )<br>JEANETTE BELL AS TRUSTEES OF  )<br>RACINE TRUST, GLEN D. BELL         )<br>AS TRUSTEE OF STARK MANAGEMENT )<br>COMPANY, STOCKTON FINANCIAL   )<br>CORP.,                                            )<br>                                                            )<br>                    Defendants.         )<br>                                                            )<br>_____ ) | Civil No. CV-F-95-5346 OWW SMS<br><br>**SECOND AMENDED ORDER OF**<br>**JUDICIAL SALE** |

A final judgment was entered by this Court in the above-entitled action, on

October 23, 1998, ordering, inter alia, that plaintiff's federal tax liens be foreclosed and

that the subject property, described below, be sold pursuant to 28 U.S.C. §§ 2001.

    1.    This action was commenced to enforce federal tax liens against real

property located at 3549 Kiernan Road, Modesto, in the County of Stanislaus, State of

California, and which is more particularly described as follows:

> PARCELS "A", "B", AND "C", AS SHOWN AND DESIGNATED ON THAT
> CERTAIN PARCEL MAP FILED APRIL 26, 1984 IN VOLUME 35 OF PARCEL
> MAPS, AT PAGE 18, BEING A DIVISION OF LOTS 9, 10, 15, AND 16 OF
> EDEN COLONY ACCORDING TO THE OFFICIAL MAP THEREOF, FILED IN
> THE OFFICE OF THE RECORDER OF STANISLAUS COUNTY, CALIFORNIA
> ON AUGUST 14, 1909 IN VOLUME 4 OF MAPS, AT PAGE 32.

2. The real property described in paragraph 1, above, and all the improvements, buildings, and fixtures on it, are referred to hereinafter as "the subject property." The subject property is to be sold by the Internal Revenue Service, Property Appraisal and Liquidation Specialist in accordance with Title 28, United States Code, and the procedures of this Court.

3. The Internal Revenue Service, Property Appraisal and Liquidation Specialist, or such representative as she may appoint or employ, is authorized and directed as the proper officer of this Court to sell the subject property to Dumas International, LLC, a Delaware limited liability company ("Dumas"), or subsequent bidder, in accordance with Title 28, United States Code, and the procedures of this Court.

4. This decree shall act as a special writ of execution and no further orders or process from the Court shall be required, and the Internal Revenue Service, Property Appraisal and Liquidation Specialist shall have all rights and powers necessary to transfer good title.

5. The terms and conditions of such sale are:

A. The subject property shall be offered for sale to Dumas for $857,956.74.

B. The sale is free and clear of the liens or interests of all defendants and of the United States, and any persons obtaining a purported interest after the notice of federal tax lien recorded January 24, 1990.

C. The sale shall be subject to all laws, ordinances, and governmental regulations affecting the premises, and all easements and restrictions of record.

D. The date and time of the sale is to be set by the Property Appraisal and Liquidation Specialist.

E. Notice of the sale shall be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general

circulation in the county, state, or judicial district of the United States where the subject property is situated and, at the discretion of the Internal Revenue Service, Property Appraisal and Liquidation Specialist, by any other notice that she deems appropriate. The notice shall contain a description of the subject property and a summary of the terms and conditions of this order.

  F.  A minimum bid of $857,956.74 is set for the property.  A subsequent bidder must offer at least 10 percent more than the minimum bid at the sale in order to purchase the property.  Said overbids must be in writing, and express-mailed or otherwise actually delivered to the Property Appraisal and Liquidation Specialist so that she receives them at least seven days before the sale date.  (The letter overbids should not include a deposit check, however, a deposit will be required at the sale.)  If the minimum bid is exceeded, any subsequent bidder may bid in increments of $10,000 more than the previous bid.

  G.  The successful bidder on the real property shall be required to deposit with the Property Appraisal and Liquidation Specialist or her representative a minimum of ten (10) percent of the bid, with the deposit to be made by certified check on the date of the sale.  Before being permitted to bid at the sale, bidders shall display to the Internal Revenue Service, Property Appraisal and Liquidation Specialist, proof that they are able to comply with this requirement.  No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this judgment.

  H.  The balance of the purchase price for the subject property is to be paid to the Internal Revenue Service, Property Appraisal and Liquidation Specialist within thirty (30) days after the date of sale by a certified or cashier's check payable to the United States Treasury.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited in its entirety to the United States and shall be applied to cover the expenses of the sale, and the subject property shall be again offered for sale under the

terms and conditions of the judgment and decree.  The United States may bid as a credit against its judgment without tender of cash.

I.  The sale of the subject property shall be subject to confirmation by this Court.  On confirmation of the sale, the Internal Revenue Service, Property Appraisal and Liquidation Specialist shall execute and deliver a Certificate of Sale and Deed conveying the subject property to the purchaser.  On confirmation of the sale, all interests in, liens against, or claims to, the subject property that are held or asserted by plaintiff or any of the defendants in this action are discharged and extinguished.

6.  For purposes of determining the appraised value of the subject property for 28 U.S.C. § 2001(b), the Court adopts the appraisals attached to the Declaration of G. Patrick Jennings, submitted with the motion requesting this Order.

7.  The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.  Possession of the property sold shall be yielded to the purchaser upon the production of a copy of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the subject property to the purchaser.

8.  Until vacating the property, any person occupying the property shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances on the subject property) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the realty.  They shall continue to manage the subject property and collect rents and pay expenses of the subject property.  They shall not commit waste against the subject property, nor shall they cause or permit anyone else to do so.  They shall not do anything that tends to reduce the value or marketability of the subject property, nor shall they cause or permit anyone else to do so.

9.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements) that may directly or

indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the sale.

10.  After the sale is confirmed by this Court, the Property Appraisal and Liquidation Specialist shall distribute the amounts paid by the purchaser as follows:

> A. First, to the Internal Revenue Service, in an amount sufficient to cover the expenses of each sale and including any amount sufficient to cover the expense of maintaining the realty pending sale and confirmation.
>
> B. Second, to any state or local entity liens having priority over the United States' tax liens.
>
> C. Third, to Dumas in the then-current amount owed on its deed of trust.
>
> D. Fourth, to the United States of America to be applied to the federal tax liabilities of Glen D. Bell and Jeanette Bell for the years 1986 through 1989, including tax, penalties, and interest, up to the amounts set forth in the judgment entered in this case, plus any interest accrued thereon.

**IT IS SO ORDERED**.

Dated: 11/21/      , 2005            /s/Oliver W. Wanger
                                     OLIVER W. WANGER,
                                     U.S. District Court Judge